**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 05-4930**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RALPH JAMES MANNS,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., District Judge. (CR-04-200)

─────────────

Submitted: May 26, 2006          Decided: June 7, 2006

─────────────

Before WILKINSON and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────────

Dismissed in part; affirmed in part by unpublished per curiam opinion.

─────────────

Herbert L. Hively, II, Hurricane, West Virginia, for Appellant. Philip H. Wright, Acting United States Attorney, Steven I. Loew, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Ralph James Manns appeals from his sixty-three month sentence imposed pursuant to his guilty plea to possession of a firearm by a felon. On appeal, he asserts that the district court erred by denying his motion for a downward departure based on his diminished capacity under U.S. Sentencing Guidelines Manual § 5K2.13 (2004). He also contends that his sentence was unreasonable because the district court did not properly consider his diminished mental capacity. We dismiss Manns' guidelines challenge, as the district court's decision is not appealable, and affirm Manns' sentence.

Manns first alleges that the district court should have granted him a downward departure for diminished capacity under § 5K2.13, p.s. However, a district court's failure to grant a downward departure is not reviewable unless a district court was under the mistaken impression that it lacked the authority to depart. United States v. Matthews, 209 F.3d 338, 352 (4th Cir. 2000); see also United States v. Cooper, 437 F.3d 324, 333 (3d Cir. 2006) (collecting cases declining to review a district court's decision not to depart, even after United States v. Booker, 543 U.S. 220 (2005)). Here, the district court clearly understood its authority to depart. Accordingly, this claim is not cognizable on appeal.

Next, Manns contends that his sentence was unreasonable, because the district court should have departed below the advisory guideline range based on his limited mental capacity. Unlike a departure request denied while calculating the appropriate guideline range, a request for a departure below the advisory guideline range is reviewable. United States v. Montes-Pineda, 445 F.3d 375 (4th Cir. 2006). However, a sentence within a properly calculated guideline range is presumptively reasonable. United States v. Green, 436 F.3d 449, 457 (4th Cir. 2006), cert. denied, __ U.S. __, 2006 WL 1057741 (U.S. May 22, 2006) (No. 05-10474). A defendant can only rebut the presumption by demonstrating that the sentence is unreasonable when measured against the factors in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005). Montes-Pineda, 445 F.3d at 375.

Here, the district court explicitly considered Manns' significant criminal history (18 U.S.C. § 3553(a)(1), (2)(C)); his medical and mental infirmities (18 U.S.C. § 3553(a)(1), (2)(D)); and his inability to pay a fine (18 U.S.C. § 3553(a)(3)), when deciding to sentence him at the bottom end of the guideline range. In addition, Manns has not shown how his mental capacity necessarily outweighed the seriousness of his offense and his undisputed recidivism. As such, he has failed to show that his sentence was unreasonable. See Montes-Pineda, 445 F.3d at 375.

Accordingly, we dismiss Manns' appeal from the denial of his motion to depart under § 5K2.13 and affirm his sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED IN PART</u>;
<u>AFFIRMED IN PART</u>